### 18888. BOWLES *et al.* v. BOWLES *et al.*

DUCKWORTH, Chief Justice. 1. The evidence introduced by the propounders showed the factum of the will, that at the time of its execution the testatrix apparently had sufficient mental capacity to understand what she was doing, and that she acted freely and voluntarily in executing the same. This evidence made a prima facie case in favor of probate, and the burden then shifted to the caveators to overcome this evidence with proof of the grounds of their caveat. *Slaughter* v. *Heath,* 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (NS) 1); *Whitfield* v. *Pitts,* 205 *Ga.* 259 (53 S. E. 2d 549).

2. The evidence was insufficient to prove want of mental capacity, fraud, misrepresentation, or undue influence, which were the grounds of the caveat; and the court did not err in directing a verdict in favor of the propounders. *Brumbelow* v. *Hopkins,* 197 *Ga.* 247 (29 S. E. 2d 42); *Norman* v. *Hubbard,* 203 *Ga.* 530 (47 S. E. 2d 574).

3. While virtually conceding that the evidence introduced demanded the verdict rendered, counsel for the caveators contends that the rule stated in Code § 38-409 as to implied admissions when the circumstances require an answer is applicable here; and that, since serious charges are made in the caveat, under that section when propounders failed to produce evidence obviously available to them to rebut those charges, they

should be treated as being well founded, and the issue thus made should have been submitted to the jury. The Code section relied upon is wholly inapplicable, and this contention is unsound.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 15, 1955—DECIDED MARCH 14, 1955.

*D. D. Veal,* for plaintiffs in error.

*R. C. Whitman, Hoyt H. Whelchel, Whitman & Whitman, Whelchel & Whelchel,* contra.